UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
┌─────────────────────────────────┐
│ SHARON WILLIAMS,                │      HONORABLE JOSEPH E. IRENAS
│                                 │
│          Plaintiff,             │      CIVIL ACTION NO. 12-7540
│                                 │              (JEI/JS)
│      v.                         │
│                                 │          **OPINION**
│ CITY OF MILLVILLE, et al.,      │
│                                 │
│          Defendants.            │
│                                 │
└─────────────────────────────────┘
```

**APPEARANCES:**

CHRISTOPHER J. BASNER P.C.
By:  Christopher J. Basner, Esq.
Two Kings Highway West, Suite 205
Haddonfield, New Jersey, 08033
     Counsel for Plaintiff

MAYFIELD, TURNER, O'MARA & DONNELLY, PC
By:  Robert J. Gillespie, Jr.
2201 Route 38, Suite 300
Cherry Hill, New Jersey 08002
     Counsel for Defendants New Jersey CVS Pharmacy, LLC &
     Amanda Mitchem

**IRENAS**, Senior District Judge:

     Pending before the Court is Defendants New Jersey CVS

Pharmacy, LLC ("CVS") and Amanda Mitchem's ("Mitchem") Motion to

Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

CVS and Mitchem's motion is unopposed.  For the reasons set

forth below, CVS and Mitchem's motion will be granted.

**I.**

The following facts are alleged in the Complaint. The Court reviews only those facts necessary for deciding these Defendants' motion.

CVS is a business located in Millville, New Jersey, where Amanda Mitchem worked as an employee in August 2010. (Compl. ¶¶ 6-7.) On August 20 and 21, 2010, this CVS was the victim of shoplifting. (*Id.* at ¶¶ 29-30.) As a result of these incidents, and with the permission of her supervisor, Mitchem contacted Defendant William Stadnick, III, a police officer who began investigating the crimes. (*Id.* at ¶¶ 5, 29-30.)

In the course of his investigation, Stadnick reviewed video footage of the shoplifting incidents and compared the footage with a DMV photograph of Plaintiff Sharon Williams ("Williams"). (*Id.* at ¶¶ 29-31.) The Complaint fails to explain how Stadnick even knew to consider Williams as a suspect in his investigation, but after comparing the picture and video, Stadnick concluded that Williams was responsible for shoplifting from CVS. (*Id.* at ¶ 32.) As a result, Stadnick filed a complaint against Williams. (*Id.* at ¶ 23.)

However, Williams asserts that she did not steal from CVS, nor can she recall ever having visited this particular CVS in Millville. (*Id.* at ¶¶ 52-53.) On August 21, 2010, Williams was catering a wedding and could not have been at the CVS to

2

shoplift any goods. (*Id.* at ¶ 55.) Additionally, Williams points out that because Mitchem and CVS had the opportunity to review video from the CVS on August 20 and 21, both Mitchem and CVS knew or should have known that Williams did not appear in the video and was therefore not responsible for any shoplifting that occurred on those days. (*Id.* at ¶¶ 41-42.)

As a result of the shoplifting charge, Williams was arrested by an unidentified police officer on December 10, 2010, while she was on her way to cater a birthday party, accompanied by her twelve year-old nephew. (*Id.* at ¶¶ 12-13, 16, 74.) Williams was forced to appear in court on five separate occasions from late September, 2010 through June, 2011.[1] (*Id.* at ¶¶ 43-47.) Following her arrest, Williams was forced to pay her own bail, lost out on wages, and was unable to renew her "New Jersey CNA license." (*Id.* at ¶¶ 64-65, 72.)

On June 24, 2011, the City of Millville terminated the criminal prosecution against Williams in Municipal Court. (*Id.* at ¶ 36.) Williams filed suit in this Court approximately eighteen months later, and CVS and Mitchem now seek dismissal for failure to state a claim against them.

---

[1] The Complaint does not explain whether Williams's court appearances prior to her arrest in December, 2010, were related to the shoplifting charges. However, resolution of this issue is unnecessary for deciding CVS and Mitchem's motion.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

When considering a Rule 12(b)(6) motion, the reviewing court must accept as true all allegations in the complaint and view them in the light most favorable to the plaintiff.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In reviewing the allegations, a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Instead, the complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.  *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**III.**

CVS and Mitchem seek dismissal of Count I, which alleges federal civil rights violations, and Count II, which alleges supplemental state law claims. Each is analyzed in turn.

**A.**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of her constitutional rights. In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege two elements: first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The determination of whether private parties or associations have acted under color of law is a fact-specific inquiry, which is a threshold issue for § 1983 liability.

*Groman v. Twp. of Manalapan*, 47 F.3d 628, 638-39 (3d Cir. 1995)

(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).

Under this inquiry, making statements to police about suspected

criminal behavior does not convert a private individual into a

state actor for purposes of § 1983 liability. *Palmerini v.*

*Burgos*, No. 10-cv-210 (FLW), 2011 WL 3625104, at *6 (D.N.J. Aug.

15, 2011); *see also Bailey v. Harleysville Nat'l Bank & Trust*,

188 Fed.Appx. 66, 68 (3d Cir. July 18, 2006) ("However, in the

absence of a conspiracy with the police to violate

constitutional rights, a business's summons of a police officer

to deal with a possible disturbance, does not make it a state

actor."). Similarly, the victim of a crime who subsequently

reports the crime to police is not an individual acting under

color of state law. *Warner v. Sweeney*, No. 05-cv-2871 (JBS),

2005 WL 2257925, at *3 (D.N.J. Sept. 12, 2005).

With respect to CVS and Mitchem, a private business and

private citizen, there are no allegations that either acted

under color of state law. Williams alleges that Mitchem, with

the support of her supervisor, reported two shoplifting

incidents on August 20 and 21, 2010, to the police. (Compl. ¶¶

29-30.) Further, Williams alleges that both Mitchem and CVS

"supported" the legal process initiated against Williams for

shoplifting, in spite of the fact that Williams "did not commit

the actual crime."[2] (*Id.* at ¶¶ 27-28.)  Finally, Williams

alleges that Mitchem and CVS had either actual knowledge, or

should have had actual knowledge, that Williams was not

responsible for any shoplifting incidents at CVS on August 20 or

21.  (*Id.* at ¶¶ 41-42.)  In doing so, Williams has simply

alleged that Mitchem reported a crime to police with the

knowledge of her CVS supervisors.  Such actions are nothing more

than the report of a crime and therefore do not constitute state

action sufficient for imposing liability under § 1983 on Mitchem

or CVS.  As a result, the Court will dismiss Count I with

respect to CVS and Mitchem.


**B.**

Count II asserts eight state law torts, encompassed as

"Supplemental State Claims."  (Compl. ¶ 82.)  The Court first

addresses the claim of malicious prosecution, next addresses the

failure to intervene, and finally turns to claims of assault,

battery, false arrest, false imprisonment, intentional

infliction of emotional distress, and abuse of process.

---

[2] Williams's Complaint contains allegations that "all defendants were acting
in concert and conspiracy," and that both CVS and Mitchem "supported, and did
not oppose the legal process instituted against [Williams.]"  (Compl. ¶¶ 11,
27-28.)  These statements do not contain any factual allegations but are in
fact legal conclusions cast in the form of such allegations, and the Court
therefore does not consider them.  *See Morse*, 132 F.3d at 906.

**1.**

Malicious prosecution is an avowedly disfavored cause of action. *Brunson v. Affinity Fed. Credit Union*, 972 A.2d 1112, 1119 (N.J. 2009); *Land v. Helmer*, 843 F.Supp.2d 547, 550 (D.N.J. 2012). To succeed, a plaintiff must demonstrate that (1) the previous action was initiated by the defendant, (2) the action was motivated by malice, (3) there was an absence of probable cause, and (4) the action was terminated favorably for the plaintiff. *Land*, 843 F.Supp.2d at 550. "It is beyond doubt that '[t]he plaintiff must establish each element [and that u]pon the failure to prove any one, the cause must fail.'" *Brunson*, 972 A.2d at 1119 (alterations in original) (quoting *Lind v. Schmid*, 337 A.2d 365, 368 (N.J. 1975)).

To demonstrate that a defendant initiated an action against the plaintiff, New Jersey law requires proof that the defendant took an active part in "instigating or encouraging the prosecution," assisted another individual in the prosecution, or ratified and otherwise aided the prosecution. *Epperson v. Wal-Mart Stores, Inc.*, 862 A.2d 1156, 1161 (N.J. Super. Ct. App. Div. 2004) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 119, at 872 (5th ed. 1984)). While this determination depends upon the exact actions of a defendant under the circumstances, initiation of an action requires more than the simple report of a crime. *See*, *e.g.*, *Brenner v. Twp. Of*

*Moorestown*, No. 09-cv-219 (RBK), 2011 WL 1882394, at *15-16
(D.N.J. May 17, 2011) (calling 9-1-1 does not constitute
initiation of a criminal proceeding); *Afiriyie v. Bank of Am.*,
No. L-1987-08, 2013 WL 451895, at *17 (N.J. Super. Ct. App. Div.
Feb. 7, 2013) (per curiam) (holding that defendant initiated
malicious prosecution where she was willing to sign a criminal
complaint and police testified that they arrested and charged
plaintiff "based upon [defendant's] allegation").

Because Williams has failed to allege that CVS and Mitchem
initiated the criminal proceeding against her, Williams has
failed to state a claim for malicious prosecution against these
Defendants. Williams alleges that Mitchem, "apparently" with
the approval of her supervisor at CVS, reported a case of
shoplifting to Officer Stadnick. (Compl. ¶ 29.) Williams
alleges no other facts regarding CVS and Mitchem's involvement
in the charges that Williams faced.[3] Again, Williams only
alleges that Mitchem reported a crime, which is insufficient to
constitute the initiation of a legal process for the tort of

---

[3] There is no allegation that Mitchem (or anyone else at CVS) provided
Stadnick with Williams's name, identity, or a photograph connecting Williams
to the crime. (*See* Compl. ¶ 29.) Indeed, the Complaint contains no
information asserting that Mitchem or CVS even connected Williams with the
shoplifting incidents. (*Id.* at ¶¶ 31-32.) Rather, Williams simply asserts
that Mitchem reported the shoplifting incidents to police, and Stadnick,
after comparing a DMV photograph of Williams to the video, reached the
erroneous conclusion that Williams appeared in the video. (*Id.* at ¶¶ 29-32.)

malicious prosecution.  Williams's claim for malicious prosecution against CVS and Mitchem must therefore be dismissed.

### 2.

Williams alleges that CVS and Mitchem's acts and conduct constitute a "failure to intervene under the laws of the State of New Jersey." (Compl. ¶ 82.)  In some jurisdictions, a defendant may be liable for malicious prosecution if, after the discovery that no probable cause supporting prosecution exists, the defendant fails to intervene or sever his connection with the prosecution.  *E.g.*, *Simmons v. Telecom Credit Union*, 442 N.W.2d 739, 742 (Mich. Ct. App. 1989); *see also* 52 AM. JUR. 2D *Malicious Prosecution* § 26 (2013).  Regardless of whether New Jersey recognizes a failure to intervene as grounds giving rise to malicious prosecution, Williams has failed to demonstrate that CVS and Mitchem engaged in malicious prosecution, as Williams alleges nothing more than that Mitchem reported a crime.  (Compl. ¶ 29.)  As a result, CVS and Mitchem are entitled to dismissal of the failure to intervene claim.

### 3.

New Jersey law imposes liability for the common law tort of assault if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third

person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1117 (N.J. 2009) (quoting *Wigginton v. Servidio*, 734 A.2d 798, 806 (N.J. Super. Ct. App. Div. 1999)). The tort of battery "rests upon a non-consensual touching." *Leang*, 969 A.2d at 1117 (citing *Perna v. Pirozzi*, 457 A.2d 431, 439 (N.J. 1983)). Williams fails to allege any physical contact, or apprehension of physical contact, between Mitchem, CVS, and Williams. Mitchem and CVS are therefore entitled to dismissal of Williams's assault and battery claims.

For similar reasons, Williams's claims of false arrest and false imprisonment fail. "A basis for a suit for false arrest arises where the aggrieved party is arrested without legal authority, as where he is arrested pursuant to process that is void." *Mesgelski v. Oraboni*, 748 A.2d 1130, 1138 (N.J. Super. Ct. App. Div. 2000) (citing *Fair Oaks Hosp. v. Pocrass*, 628 A.2d 829, 836-37 (N.J. Super. Ct. Law Div. 1993)). "False imprisonment is the constraint of the person without legal justification." *Leang*, 969 A.2d at 1117 (quoting *Mesgelski*, 748 A.2d at 1138) (internal quotation mark omitted). The tort of false imprisonment has two elements: an arrest or detention of a person against their will, and a lack of proper legal authority or legal justification. *Leang*, 969 A.2d at 1117. Williams's

Complaint contains no allegations regarding any detention or constraint imposed by either Mitchem or CVS; rather, the only reference to an arrest appears when Williams was arrested by an unidentified police officer. (Compl. ¶¶ 12-13.) Because Williams fails to allege any facts supporting claims of false arrest and false imprisonment as to Mitchem and CVS, these claims against Mitchem and CVS must be dismissed.

The common law cause of action for intentional infliction of emotional distress requires the plaintiff to establish "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Tarr v. Ciasulli*, 853 A.2d 921, 924 (N.J. 2004) (quoting *Buckley v. Trenton Saving Fund Soc'y*, 544 A.2d 857, 863 (N.J. 1988)). The requisite level of emotional distress to sustain a claim for intentional infliction of emotional distress is distress "so severe that no reasonable person could be expected to endure it." *Leang*, 969 A.2d at 1115. To reach this threshold, the plaintiff need not suffer physical injury, but the distress must be nonetheless severe; thus, a combination of symptoms including the loss of sleep, aggravation, embarrassment, and embarrassment in front of one's children are still insufficient to be "so severe that no reasonable [person] could be expected to endure it." *Buckley*, 544 A.2d at 864.

Though Williams alleges she was "greatly embarrassed" by her arrest and that her twelve year-old nephew was present for the arrest, she has failed to describe any other symptoms resulting from emotional distress. (Compl. ¶¶ 73-74.) These two allegations, as the only symptoms suffered by Williams, fail to reach the threshold of severe distress required to state a claim for intentional infliction of emotional distress. Mitchem and CVS are therefore entitled to dismissal of Williams's claim of intentional infliction of emotional distress.

To state a claim for abuse of process, a plaintiff must show "(1) an ulterior motive and (2) some further act after an issuance of process representing the perversion of the legitimate use of process." *Stolinski v. Pennypacker*, 772 F.Supp.2d 626, 644 (D.N.J. 2011) (quoting *Mosley v. Del. River Port Auth.*, No. 99-cv-4147 (JBS), 2000 WL 1534743, at *9 (D.N.J. Aug. 7, 2000)); *Tedards v. Auty*, 557 A.2d 1030, 1035 (N.J. Super. Ct. App. Div. 1989). "The typical abuse of process claim involves leveraging some attachment process or complaint in order to achieve some other end." *Stolinski*, 772 F.Supp.2d at 645. While Williams alleges that Mitchem's report of shoplifting initiated legal process against her, Williams has failed to allege any subsequent acts following the issuance of that process. Moreover, Williams has not alleged any ulterior motives held by CVS or Mitchem. Williams has therefore failed

to allege a claim for abuse of process against Mitchem and CVS, and they are entitled to dismissal of this claim.

## IV.

In light of the foregoing, the Defendants' Motion to Dismiss is granted.  An appropriate order accompanies this Opinion.

Date:  11-22-2013

    /s/ Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**
